UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEARL INVESTMENT CO., LLC, | No. 2:15-cv-00852-KJM-AC |
| Plaintiff, | |
| v. | ORDER AND |
| RHONDA MCPHEE, et al., | FINDINGS & RECOMMENDATIONS |
| Defendants. | |

Plaintiff Pearl Investment Co., LLC commenced an unlawful detainer action in the Sacramento County Superior Court on March 12, 2015. ECF No. 1 at 2, 6–8. Defendants removed this action on April 21, 2015, on the basis of the existence of a federal question, along with requests to proceed in forma pauperis. ECF Nos. 1, 2, 3.

Defendants have submitted the affidavits required by § 1915(a) showing that they are unable to prepay fees and costs or give security for them. Accordingly, their requests to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), when a party seeks to proceed in forma pauperis, the court shall dismiss the case if the court determines that the plaintiff fails to state a claim upon which relief can be granted. A plaintiff fails to state a claim when the court lacks jurisdiction over the subject matter of the complaint. See Fed. R. Civ. P. 12(b)(1).

Courts "strictly construe the removal statute against removal jurisdiction," and "the

1

defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Furthermore, "jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). The "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id.

Attached to the Notice of Removal is a copy of the complaint filed by plaintiff in the Sacramento County Superior Court. ECF No. 1 at 6–8. The complaint contains a single claim for unlawful detainer. Id. at 6. In defendants' removal notice, they argue that federal question jurisdiction exists because the adjudication of this matter depends upon their federally-secured rights. Id. at 2. Plaintiff's complaint for unlawful detainer, however, does not state claims under any federal law. Rather, defendants appear to assert that their federally-secured rights are at issue by virtue of their defense to the action.[1]

Removal, however, cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question, whether filed in state or federal court. See Vaden v. Discover Bank, 556 U.S. 49 (2009); Hunter v. Philip Morris USA, 582 F.3d 1039, 1042–43 (9th Cir. 2009); Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 327 (5th Cir. 1998); Preciado v. Ocwen Loan Servicing, 2011 WL 977819, at *1 (C.D. Cal. Mar. 18, 2011); Fed. Nat'l Mortg. Ass'n. v. Bridgeman, 2010 WL 5330499, at *4 (E.D. Cal. Dec. 20, 2010). The complaint indicates that the only cause of action is one for unlawful detainer, which arises under state law and not under federal law. Thus, this action does not arise under federal law, and jurisdiction under 28 U.S.C. § 1331 does not exist.

---

[1] Defendants do not cite any federal statute in support of the proposition that their federally-secured rights were violated. They do cite "Code of Civil Procedure § 1161(2)" for the proposition that plaintiff failed to give them sufficient notice of their eviction. ECF No. 1 at 2. However, § 1161 is likely a reference to California Civil Procedure Code § 1161, as that section does not exist in the Federal Rules of Civil Procedure.

Based on the foregoing, IT IS HEREBY ORDERED that defendants' motions to proceed in forma pauperis, ECF Nos. 2, 3, are granted; and

IT IS HEREBY RECOMMENDED that:

1. This action be remanded to the Sacramento County Superior Court;
2. Plaintiff's motion to remand, ECF No. 5, and motion to shorten time, ECF No. 6, be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156–57 (9th Cir. 1991).

DATED: April 29, 2015

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE